KAREN L. LOEFFLER
United States Attorney

DANIEL R. COOPER, JR.
Assistant U. S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Rm. C-253
Anchorage, AK  99513-7567
Phone: (907) 271-5071
Fax: 907-271-1500
email: Daniel.Cooper@usdoj.gov

CHANTEL L. FEBUS
Trial Attorney
Department of Justice
Child Exploitation and Obscenity Section
1400 New York Avenue, N.W.
Washington, D.C.  20530
Phone: (202) 514-6715
Fax: (202) 514-1793
Email: Chantel.Febus@usdoj.gov

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3:09-cr-00053-TMB |
| | ) |
| Plaintiff, | ) COUNT 1: |
| | ) CONSPIRACY TO COMMIT SEX |
| vs. | ) TRAFFICKING OF CHILDREN |
| | ) AND BY FORCE FRAUD AND |
| SABIL MUMIN MUJAHID, | ) COERCION |
| SIDNEY LAMAR GREENE, | )    Vio. 18 U.S.C. § 371 |
| KEYANA "KOKO" MARSHALL, and | ) |
| RAND HOOKS, | ) COUNT 2: |
| | ) CONSPIRACY TO COMMIT SEX |
| | ) TRAFFICKING OF CHILDREN |
| | ) AND BY FORCE FRAUD AND |
| Defendants. | ) COERCION |
| | )    Vio. 18 U.S.C. § 1594(c) |

)   <u>COUNTS 3 and 6</u>:
)   SEX TRAFFICKING OF
)   CHILDREN AND BY FORCE,
)   FRAUD AND COERCION
)      Vio. 18 U.S.C. §§ 1591(a)(1),
)   (a)(2), (b)(1), (b)(2), and § 2
)
)   <u>COUNT 9</u>:
)   ATTEMPTED SEX TRAFFICKING
)   OF A CHILD AND BY FORCE,
)   FRAUD AND COERCION
)      Vio. 18 U.S.C. §§ 1591(a)(1),
)   (a)(2), (b)(1), (b)(2), and 1594(a) and
)   § 2
)
)   <u>COUNTS 4, 7 and 10</u>:
)   PROMOTING PROSTITUTION OF
)   CHILDREN
)      Vio. 18 U.S.C. §§ 1952(a)(2) and
)   (b)(1) and § 2
)
)   <u>COUNTS 5, 8 and 11</u>:
)   PROMOTING PROSTITUTION OF
)   CHILDREN
)      Vio. 18 U.S.C. §§ 1952(a)(3) and
)   (b)(1) and § 2
)
)   <u>COUNTS 12, 15, 19, 22, 24, 26, 28,
)   and 30</u>:
)   SEX TRAFFICKING BY FORCE,
)   FRAUD AND COERCION
)      Vio. 18 U.S.C. §§ 1591(a)(1),
)   (a)(2), (b)(1) and § 2
)
)   <u>COUNTS 13, 16, 18, 20, 23, 25, 27,
)   29, and 31</u>:
)   PROMOTING PROSTITUTION
)      Vio. 18 U.S.C. §§ 1952(a)(3) and
)   (b)(1) and § 2

2

)   <u>COUNT 14</u>:
)   PROMOTING PROSTITUTION
)     Vio. 18 U.S.C. §§ 1952(a)(3) and
)   (b)(1).
)
)   <u>COUNT 17</u>:
)   ATTEMPTED SEX TRAFFICKING
)   BY FORCE, FRAUD AND
)   COERCION
)     Vio. 18 U.S.C. §§ 1591(a)(1),
)   (a)(2), (b)(1) and 1594(a) and § 2
)
)   <u>COUNT 21</u>:
)   ATTEMPTED SEX TRAFFICKING
)   BY FORCE, FRAUD AND
)   COERCION
)     Vio. 18 U.S.C. §§ 1591(a)(1),
)   (a)(2), (b)(1) and 1594(a)
)
)   <u>COUNTS 32 and 33</u>:
)   POSSESSION OF CHILD
)   PORNOGRAPHY
)     Vio. 18 U.S.C. §§ 2252(a)(4)(B)
)   and (b)(2)
)
)   <u>COUNT 34</u>:
)   SEXUAL EXPLOITATION OF A
)   CHILD – PRODUCTION OF CHILD
)   PORNOGRAPHY
)     Vio. 18 U.S.C. §§ 2251(a) and (e)
)
)   <u>COUNT 35</u>:
)   TAMPERING WITH A VICTIM
)     Vio. 18 U.S.C. § 1512(b)(1), and
)   (b)(2)(A)
)
)
)
)

3

|  |  |
|---|---|
|  | ) COUNT 36: |
|  | ) CONSPIRACY TO DEFRAUD THE |
|  | ) GOVERNMENT– |
|  | ) FILING FALSE TAX RETURNS |
|  | )   Vio. 18 U.S.C. § 286 |
|  | ) |
|  | ) COUNT 37 - 41: |
|  | ) IDENTITY THEFT |
|  | )   Vio. 18 U.S.C. §§ 1028(a)(7) and |
|  | ) (b)(1)(D) |
|  | ) |
|  | ) |
| _____ | ) |

# S E C O N D   S U P E R C E D I N G   I N D I C T M E N T

The Grand Jury Charges that:

## COUNT 1
## CONSPIRACY TO COMMIT SEX TRAFFICKING OF CHILDREN AND BY FORCE FRAUD AND COERCION

### General Allegations

At all times material to this indictment, all dates being approximate and inclusive:

1.      SABIL MUMIN MUJAHID (hereinafter "MUJAHID") was an individual residing in Anchorage, Alaska.  MUJAHID operated an illegal prostitution enterprise wherein he provided underage girls and adult women for commercial sex acts for money and other things of value.

2.      SIDNEY LAMAR GREENE (hereinafter "GREENE") was an individual residing in Anchorage, Alaska.  GREENE ran an illegal prostitution enterprise wherein he

4

provided underage girls and adult women for commercial sex acts for money and other things of value.

3.    RAND HOOKS (hereinafter "HOOKS") owned the property where MUJAHID resided during a portion of the conspiracy in Anchorage, Alaska.

4.    KEYANA "KOKO" MARSHALL (hereinafter "MARSHALL") is an individual residing in and around Anchorage, Alaska.  MARSHALL actively engaged in commercial sex acts, and participated with MUJAHID and GREENE in their illegal prostitution enterprises.

## The Conspiracy

5.    Beginning on or about May 8, 2006, and continuing until on or about May 21, 2009, in the District of Alaska and elsewhere, SABIL MUMIN MUJAHID, together with SIDNEY LAMAR GREENE, RAND HOOKS, KEYANA MARSHALL, and others both known and unknown to the grand jury, did knowingly and unlawfully conspire, confederate and agree together and with each other to:

(A)    knowingly, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, and obtain by any means a person, and to knowingly benefit financially and by receiving a thing of value from a venture that did knowingly recruit, entice, harbor, transport, provide, and obtain by any means a person, knowing that force, fraud or coercion would be used to cause the person to engage in a commercial sex act and that the person had not attained the age of 18 years and would be caused to engage in

5

a commercial sex act, in violation of Title 18, United States Code, sections 1591(a)(1), (a)(2), (b)(1), (b)(2), and 1594(a);

(B)     knowingly, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, and obtain by any means a person, and did knowingly benefit financially and by receiving a thing of value from a venture that did knowingly recruit, entice, harbor, transport, provide, and obtain by any means a person, knowing that force, fraud or coercion would be used to cause that person to engage in a commercial sex act in violation of Title 18, United States Code, sections 1591(a)(1), (a)(2), (b)(1), and 1594(a);

(C)     use facilities in interstate commerce with the intent to commit a crime of violence to further an unlawful activity, namely an enterprise involving the prostitution of children in violation 18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(1), and 1594(a), and the laws of the State of Alaska that criminalize various acts of prostitution, and thereafter committed or attempted to commit a crime of violence to further such unlawful activity in violation of Title 18, United States Code, sections 1952(a)(2), and (b)(1);

(D)     use facilities in interstate commerce with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely an enterprise involving the prostitution of children in violation of the laws of the State of Alaska that criminalize various acts of prostitution, and thereafter committed or attempted to commit an act to otherwise promote, manage, establish, carry on and facilitate the promotion, management,

6

establishment, and carrying on of such unlawful activity in violation of Title 18, United States Code, sections 1952(a)(3) and (b)(1);

(E)     use facilities in interstate commerce with the intent to commit a crime of violence to further an unlawful activity, namely an enterprise involving the prostitution of men and women in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(1), and 1594(a), and the laws of the State of Alaska that criminalize various acts of prostitution, and thereafter committed or attempted to commit a crime of violence to further such unlawful activity in violation of Title 18, United States Code, sections 1952(a)(2), and (b)(1); and

(F)     use facilities in interstate commerce, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely an enterprise involving the prostitution of men and women in violation of said laws, and thereafter committed or attempted to commit an act to otherwise promote, manage, establish, and carry on the promotion, management, establishment, carrying on and facilitation of such unlawful activity in violation of Title 18, United States Code, sections 1952(a)(3) and (b)(1).

## Goals of the Conspiracy

6.     It was a goal of the conspiracy that MUJAHID and GREENE would recruit and obtain underage girls and women to perform commercial sex acts and then require these individuals to turn over the proceeds of the commercial sex acts to MUJAHID and

7

GREENE.

7.     It was a further goal of the conspiracy that MUJAHID and GREENE would control and attempt to control underage girls for the purpose of satisfying the two men's personal sexual desires.

8.     It was a further goal of the conspiracy that MARSHALL and HOOKS would participate in the illegal prostitution enterprises and participate and share in the proceeds of the illegal prostitution enterprise by receiving the use of MUJAHID's residence in which to perform commercial sex acts by MARSHALL, and to receive proceeds from the prostitution enterprise in the form of rents by HOOKS.

### Manners and Means of the Conspiracy

9.     MUJAHID operated and advertised an "escort business" in the Alaska Yellow Pages under the name "Seductions."  MUJAHID also advertised on the internet, including the (former) Erotic Services Section of Craigslist where he posted, or directed others to post, pictures and advertisements of women and underage girls for "erotic services."  MUJAHID used these two services to promote an illegal prostitution enterprise, wherein he provided underage girls and adult women for sex acts in exchange for money and other things of value ("commercial sex acts").  MUJAHID operated this illegal enterprise out of his residence, an apartment in Anchorage, Alaska.  MUJAHID coerced or attempted to coerce the underage girls and adult women who worked for him to live or spend substantial amounts of time at his apartment.

8

10.     Both MUJAHID and GREENE photographed underage girls and women

used by them in their illegal prostitution enterprise.

    a.     MUJAHID, or another person at his direction, would take pictures of

            the underage girls and adult women and men in his apartment in

            Anchorage, Alaska.  MUJAHID, or another person at his direction,

            would instruct the underage girl and adult woman to wear women's

            clothing that he kept in his apartment.  MUJAHID would then

            instruct the person to stand in front of the white door in his

            apartment on the welcome mat at the foot of the door.  MUJAHID,

            or another person acting at his direction, would then take one or

            more sexually suggestive pictures of the underage girl or adult

            woman with a digital camera.  MUJAHID, or another person at his

            direction, would upload the photos to the laptop he kept in his living

            room and then post the pictures on Craigslist with an advertisement

            for sexual or erotic services.  Not all photographs taken by

            MUJAHID were posted to the internet.

    b.     GREENE would take pictures of the underage girls and adult women

            in his residence or at MUJAHID's residence.  GREENE would

            instruct the underage girl and adult woman to wear revealing

            women's clothing, and would then take one or more sexually

9

suggestive pictures of the underage girl or adult woman with a camera. GREENE would upload the photos to his laptop and then post the pictures on Craigslist with an advertisement for sexual or erotic services. Not all photographs taken by GREENE were posted to the internet.

11.     As part of his illegal enterprise, MUJAHID would provide underage girls and adult women to engage in commercial sex acts with men who called in response to the Seductions advertisement or Craigslist postings. When an underage girl or adult woman met a caller for sex it was called a "date." The money the underage girl or adult woman collected as payment for a commercial sex act was called a "fee." The money the underage girl or adult woman collected in addition to the "fee" was called a "tip."

12.     MUJAHID operated both an "out-call" and "in-call" enterprise. For a typical "in-call," the caller would come to MUJAHID's apartment to have sex with an underage girl or an adult woman. The underage girl or an adult woman would take the caller to one of the bedrooms in MUJAHID's apartment, collect the fixed hourly "fee" from the caller, and give that money to MUJAHID before the sex act occurred. The underage girl or an adult woman would then return to the bedroom and engage in a commercial sex act with the caller.

13.     For the typical "out-call," MUJAHID would drive, direct someone else to drive, or arrange taxi cab service for, the underage girl or adult woman to the hotel or

residence where the commercial sex act would take place. The underage girl or adult woman would go into the location, collect the fixed hourly "fee" from the customer, and give that money to MUJAHID or another person acting on MUJAHID's behalf and at MUJAHID's request before the sex act occurred. The underage girl or adult woman would then return to the hotel or residence and engage in the commercial sex act with the caller. MUJAHID or another person acting at MUJAHID's request or direction would wait for or return to pick-up the underage girl or adult woman, or arrange for another mode of transportation for that person.

14. Typically, the underage girls and adult women were not allowed to keep the money they collected as payment for sex acts. MUJAHID required them to give all of the money they received in exchange for sex acts to him, or to another person designated by him who would then give some or all of the money to MUJAHID.

15. MUJAHID used force, fraud or coercion, as set forth in paragraphs 16 through 18 below, to cause the underage girls and adult women to:

      (a). Engage in the commercial sex act; and

      (b). Turn over some or all of the proceeds of the commercial sex act to him or others acting at his direction.

16. MUJAHID threatened, physically assaulted, and raped the underage girls and adult women if they disobeyed him or attempted to leave him. The assaults and rapes included Mujahid striking them with his open hand and closed fist, threatening to strike or

11

beat them, threatening to kill them, their families and their unborn children, threatening to set them or their families on fire, threatening to disembowel them and remove their unborn babies from their womb, sexually assaulting them, and threatening gang rapes.

17.     MUJAHID used the promise of marriage and marriage itself as a method to control underage girls and women and in an attempt to ensure their loyalty.

18.     MUJAHID and GREENE acquired illegal drugs and provided the underage girls and adult women with drugs and alcohol to keep them compliant and performing commercial sex acts, or attempting to get them to perform commercial sex acts.

19.     GREENE operated an escort "business," Northern Exposures.  GREENE used this entity as a front for his illegal prostitution enterprise.  Potential customers would call the Northern Exposures phone number, posted on its website, to arrange for commercial sex acts through GREENE.

20.     GREENE also used the internet to acquire customers for his illegal prostitution enterprise.  GREENE recruited underage girls and women and posted their pictures on Craigslist to advertise and promote commercial sex acts.

21.     MUJAHID and GREENE shared underage girls and women as prostitutes in each other's illegal prostitution enterprises, shared recruiting efforts to obtain the underage girls and women as prostitutes, and were both officers in a business venture, Seldom Seen Capital Holdings and Investment Corp. used by them in various manners in their illegal prostitution enterprises.

12

22.     MUJAHID instructed GREENE to perform services for MUJAHID's illegal prostitution enterprise, and GREENE in fact performed those services.

23.     MUJAHID instructed MARSHALL to perform services for MUJAHID's illegal prostitution enterprise and MARSHALL in fact performed those services.

24.     MUJAHID made women available to HOOKS for sex acts in exchange for payment of rent.

25.     MUJAHID and GREENE agreed to allocate certain sisters between each illegal prostitution enterprise, with GREENE taking one sister for his illegal prostitution enterprise and MUJAHID agreeing to take the other sister for his illegal prostitution enterprise.

## Overt Acts

26.     In furtherance of the conspiracy, and in order to effect its objects, the co-conspirators committed, among others, the following overt acts in the District of Alaska and elsewhere:

27.     On or about April 1, 2008, MUJAHID obtained a business license for "Seductions Escorting and Dating Service" in the furtherance of his illegal prostitution enterprise and of the conspiracy.

28.     On or about June 10, 2006, GREENE established and caused to be established the Northern Exposures website using the name AKESCORTSNORTHERNX-POSURE.com in the furtherance of his illegal prostitution

13

enterprise and of the conspiracy.

29.     Having previously been married to M.L.F. on December 19, 1994, C.I.S. on August 29, 2004, and S.M.J. on April 30, 2004, and while still being married to them all, MUJAHID married G.N. on March 13, 2008 in furtherance of the goals of the conspiracy.

30.     On October 25, 2008, in a recorded telephone conversation, MUJAHID told G.N. to quit telling Jane Doe 9 that G.N. was MUJAHID's wife.  MUJAHID told G.N. to let Jane Doe 9 run around the house saying she is MUJAHID's wife, that it is okay. MUJAHID then told G.N., "*I marry bitches.  Bigamy is part of my game.  You understand that?*"

31.     At MUJAHID's direction, GREENE posted pictures and advertisements of underage girls and adult women on the (former) Erotic Services Section of Craigslist. GREENE also drove the underage girls and adult women to "dates," received money collected as payment for sex acts from them for MUJAHID, and supplied drugs to MUJAHID and the underage girls and adult women.  GREENE also allowed MUJAHID to use GREENE's credit card for prostitution enterprise related expenses.

        a.     On October 23, 2008, GREENE told MUJAHID he was going to AFN [the Alaska Federation of Natives Convention] to "get some girls."  MUJAHID instructed GREENE to "post them sideways" [in profile] so their relatives would not recognize them.

        b.     On October 24, 2008, MUJAHID instructed GREENE to go get

14

MARSHALL and have MARSHALL teach the girls how to post.

32.     At MUJAHID's direction, M.B. arranged "dates," drove the underage girls and adult women to "dates," received money collected as payment for sex acts from them for MUJAHID, and provided them with alcohol and drugs.

> a.     On October 23, 2008, M.B. drove a woman to the Howard Johnson hotel for a "date."
>
> b.     On October 25, 2008, M.B. arranged commercial sex acts for two women for $250.00 each and after they were completed, reported the earnings to MUJAHID.

33.     At MUJAHID's direction, G.T. arranged "dates," drove the underage girls and adult women to "dates," received money collected as payment for sex acts from them for MUJAHID, and provided them with alcohol and drugs. On February 19, 2009, G.T. drove Jane Doe 1 to the Captain Cook Hotel for the purpose of Jane Doe 1 engaging in a commercial sex act.

34.     At MUJAHID's direction, on October 19, 2008, and November 30, 2008, MARSHALL posted pictures and advertisements on the Erotic Services Section of Craigslist to arrange commercial sex acts for the women and underage girls.

35.     On or about November 8, 2008, MARSHALL engaged in commercial sex acts at the direction of MUJAHID and agreed to provide him with $350.00 of the proceeds.

15

36. HOOKS provided MUJAHID with a base of operation by permitting him to rent an apartment in the building owned by HOOKS, knowing that MUJAHID was running a prostitution enterprise.

     a. HOOKS charged MUJAHID a premium on rent because of the prostitution enterprise run by MUJAHID.

     b. On or about October 30, 2008, HOOKS called MUJAHID asking if there were any new girls with whom he could have sex.

     c. On or about October 17, 2008, HOOKS engaged in a commercial sex act with Jane Doe 8 in exchange for a reduction in MUJAHID's rent.

37. On November 30, 2008, MUJAHID telephoned a person known to the grand jury and requested that this person go to MUJAHID's residence in Anchorage, Alaska, for the purpose of coercing, through threats of force and violence, a woman and an underage girl to comply with MUJAHID's rules regarding MUJAHID's illegal prostitution enterprise. This person then telephoned GREENE who went to MUJAHID's residence to assist the person in coercing the woman and an underage girl to comply with MUJAHID's rules regarding MUJAHID's illegal prostitution enterprise.

38. Postings were placed and caused to be placed on Craigslist by MUJAHID advertising Juvenile A as available for commercial sex acts on August 23, 2008 (posting 809035738), August 26, 2008 (posting 814367655), and January 20, 2009 (posting

16

1000020575).

39.     Postings were placed and caused to be placed on Craigslist by MUJAHID, GREENE and MARSHALL advertising Juvenile B as available for commercial sex acts on November 25, 2008 (posting 934291869), November 30, 2008 (posting 939881874), December 1, 2008 (posting 941439568), and December 3, 2008 (posting 943025859).

40.     Postings were placed and caused to be placed on Craigslist by GREENE advertising Juvenile C as available for commercial sex acts on June 4, 2008 (posting 707062923).

41.     Postings were placed and caused to be placed on Craigslist by MUJAHID or persons working at MUJAHID's direction advertising Jane Doe 1 as available for commercial sex acts on July 1, 2008 (posting 739488336), July 2, 2008 (posting 740126844), July 9, 2008 (posting 749019857), February 11, 2009 (postings 1031319302 and 1030255280), February 15, 2009 (posting 1035377644), February 17, 2009 (posting 1038111270) and March 4, 2009 (posting 1060606521).

42.     Postings were placed and caused to be placed on Craigslist by MUJAHID advertising Jane Doe 2 as available for commercial sex acts on February 28, 2009 (posting 1054511627).

43.     Postings were placed and caused to be placed on Craigslist by MUJAHID or persons working at MUJAHID's direction advertising Jane Doe 3 as available for commercial sex acts on June 13, 2008 (postings 719040653 and 719082355), July 1, 2008

17

(posting 739477423), July 2, 2008 (posting 740121881) and November 11, 2008 (posting 914303778).

44.      Postings were placed and caused to be placed on Craigslist by MUJAHID or persons working at MUJAHID's direction advertising Jane Doe 4 as available for commercial sex acts on January 20, 2009 (posting 1000020575), and January 29, 2009 (posting 1013487854).

45.      Postings were placed and caused to be placed on Craigslist by MUJAHID or persons working at MUJAHID's direction advertising Jane Doe 7 as available for commercial sex acts on July 1, 2008 (posting 739488336), and July 9, 2008 (posting 749019857).

46.      Postings were placed and caused to be placed on Craigslist by MUJAHID or persons working at MUJAHID's direction advertising Jane Doe 8 as available for commercial sex acts on October 16, 2008 (posting 882229306), and October 18, 2008 (posting 884552159).

47.      Postings were placed and caused to be placed on Craigslist by MUJAHID advertising Jane Doe 10 as available for commercial sex acts on January 8, 2009 (posting 985914335), January 18, 2009 (posting 998496559), January 18, 2009 (posting 998472526) and February 5, 2009 (posting on Backpage.com).

48.      Postings were placed and caused to be placed on Craigslist by MUJAHID or persons working at MUJAHID's direction advertising Jane Doe 11 as available for

commercial sex acts on January 30, 2009 (posting 1014896070), and February 1, 2009 (posting 1016146623).

49.     For Juveniles A, B and C, and Jane Does 1 through 11, MUJAHID and GREENE obtained and attempted to obtain their personal identification information, including dates of birth, social security numbers, and drivers license numbers for the ostensible purpose of having the information available to facilitate posting bail in the event they were arrested.

All in violation of Title 18 United States Code, Section 371.

<u>COUNT 2</u>
<u>CONSPIRACY TO COMMIT SEX TRAFFICKING OF CHILDREN AND BY FORCE FRAUD AND COERCION</u>

50.     The allegations set forth in paragraphs 1 through 25 and 49 are re-alleged as though fully set forth.

**<u>The Conspiracy</u>**

51.     Beginning on or about December 23, 2008, and continuing until on or about May 21, 2009, in the District of Alaska and elsewhere, SABIL MUMIN MUJAHID, together with SIDNEY LAMAR GREENE, RAND HOOKS, KEYANA "KOKO" MARSHALL, and others both known and unknown to the grand jury, did knowingly and unlawfully conspire, confederate and agree together and with each other to:

(A)     knowingly, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, and obtain by any means a person, and to knowingly benefit

19

financially and by receiving a thing of value from a venture that did knowingly recruit, entice, harbor, transport, provide, and obtain by any means a person, knowing that force, fraud or coercion would be used to cause the person to engage in a commercial sex act and that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, sections 1591(a)(1), (a)(2), (b)(1), (b)(2), and 1594(a);

       (B)    knowingly, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, and obtain by any means a person, and did knowingly benefit financially and by receiving a thing of value from a venture that did knowingly recruit, entice, harbor, transport, provide, and obtain by any means a person, knowing that force, fraud or coercion would be used to cause that person to engage in a commercial sex act in violation of Title 18, United States Code, sections 1591(a)(1), (a)(2), (b)(1), and 1594(a);

## Goals of the Conspiracy

52.    It was a goal of the conspiracy that MUJAHID and GREENE would recruit and obtain underage girls and women to perform commercial sex acts and then require these individuals to turn over the proceeds of the commercial sex acts to MUJAHID and GREENE.

53.    It was a further goal of the conspiracy that MUJAHID and GREENE would control and attempt to control underage girls for the purpose of satisfying the two men's personal sexual desires.

20

54.    It was a further goal of the conspiracy that MARSHALL and HOOKS would participate in the illegal prostitution enterprises and participate and share in the proceeds of the illegal prostitution enterprise by receiving the use of MUJAHID's residence in which to perform commercial sex acts by MARSHALL, and to receive sex in exchange for rent by HOOKS.

### Manners and Means of the Conspiracy

55.    The manners and means of the conspiracy are the same as those set forth in paragraphs 9 through 25 above, and those paragraphs are re-alleged as though fully set forth herein.

### Overt Acts

56.    In furtherance of the conspiracy, and in order to effect its objects, the co-conspirators committed, among others, the following overt acts in the District of Alaska and elsewhere:

57.    The Overt Acts alleged in paragraphs 33, and 49 are re-alleged as though fully set forth.

58.    Postings were placed and caused to be placed on Craigslist by MUJAHID advertising Juvenile A as available for commercial sex acts on January 29, 2009 (posting 1000020575).

59.    Postings were placed and caused to be placed on Craigslist by MUJAHID or persons working at MUJAHID's direction advertising Jane Doe 1 as available for

commercial sex acts on February 11, 2009 (postings 1031319302 and 1030255280), February 15, 2009 (posting 1035377644), February 17, 2009 (posting 1038111270), and March 4, 2009 (posting 1060606521).

60.     Postings were placed and caused to be placed on Craigslist by MUJAHID advertising Jane Doe 2 as available for commercial sex acts on February 28, 2009 (posting 1054511627).

61.     Postings were placed and caused to be placed on Craigslist by MUJAHID or persons working at MUJAHID's direction advertising Jane Doe 4 as available for commercial sex acts on January 20, 2009 (posting 1000020575), and January 29, 2009 (posting 1013487854).

62.     Postings were placed and caused to be placed on Craigslist by MUJAHID advertising Jane Doe 10 as available for commercial sex acts on January 8, 2009 (posting 985914335), January 18, 2009 (posting 998496559), January 18, 2009 (posting 998472526), and February 5, 2009 (posting on Backpage.com).

63.     Postings were placed and caused to be placed on Craigslist by MUJAHID or persons working at MUJAHID's direction advertising Jane Doe 11 as available for commercial sex acts on January 30, 2009 (posting 1014896070), and February 1, 2009 (posting 1016146623).

All in violation of Title 18 United States Code, Section 1594(c).

## COUNT 3
## SEX TRAFFICKING OF A CHILD AND BY FORCE, FRAUD AND COERCION

From on or about August 23, 2008, through on or about January 20, 2009, in Anchorage, the District of Alaska, and elsewhere, the defendants, SABIL MUMIN MUJAHID, SIDNEY LAMAR GREENE, KEYANA "KOKO" MARSHALL, and RAND HOOKS, aiding and abetting one another, did knowingly, in and affecting interstate commerce,

(1)     recruit, entice, harbor, transport, provide, and obtain Juvenile A , and

(2)     benefit, financially and by receiving a thing of value, from participation in a venture that had recruited, enticed, harbored, transported, provided, and obtained Juvenile A,

knowing that,

(1)     force,  fraud, and coercion would be used to cause Juvenile A to engage in a commercial sex act, and

(2)     that Juvenile A was under the age of 18 and would be caused to engage in a commercial sex act,

and thereafter, force, fraud and coercion were used to cause Juvenile A to engage in a commercial sex act and Juvenile A did engage in a commercial sex act.

All in violation of Title 18, United States Code, sections 1591(a)(1), (a)(2), (b)(1), (b)(2), and § 2.

Case 3:09-cr-00053-TMB   Document 83   Filed 12/17/09   Page 23 of 58

## COUNT 4
## USING A FACILITY IN INTERSTATE COMMERCE
## TO PROMOTE PROSTITUTION OF A CHILD

From on or about August 23, 2008, through on or about January 20, 2009, in Anchorage, within the District of Alaska and elsewhere, the defendants, SABIL MUMIN MUJAHID, SIDNEY LAMAR GREENE, KEYANA "KOKO" MARSHALL, and RAND HOOKS, aiding and abetting one another, used facilities of interstate commerce, to wit: telephone and internet services, with the intent to commit a crime of violence to further an unlawful activity, namely a business enterprise involving the prostitution of Juvenile A in violation of the laws of the United States and the laws of the State of Alaska that criminalize various acts of prostitution, and thereafter committed and attempted to commit a crime of violence, to wit: promoting prostitution of a child in violation of Alaska Statute 11.66.110(a)(2), to further such unlawful activity.

All in violation of Title 18, United States Code, sections 1952(a)(2) and (b)(1), and § 2.

## COUNT 5
## USING A FACILITY IN INTERSTATE COMMERCE
## TO PROMOTE PROSTITUTION OF A CHILD

From on or about August 23, 2008, through on or about January 20, 2009, in Anchorage, within the District of Alaska and elsewhere, the defendants, SABIL MUMIN MUJAHID, SIDNEY LAMAR GREENE, KEYANA "KOKO" MARSHALL, and RAND HOOKS, aiding and abetting one another, used facilities of interstate commerce,

Case 3:09-cr-00053-TMB   Document 83   Filed 12/17/09   Page 24 of 58

to wit: telephone and internet services, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely a business enterprise involving the prostitution of Juvenile A in violation of the laws of the United States, specifically 18 U.S.C. 1591§§ (a)(1), (a)(2), (b)(1), (b)(2) and 1594(a), and the laws of the State of Alaska that criminalize various acts of prostitution, and thereafter performed and attempted to perform an act, to wit: maintained a residence wherein the illegal prostitution enterprise was conducted and maintained telephone service whereby customers could call in response to advertisements for commercial sex acts, to promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of such unlawful activity.

All in violation of Title 18, United States Code, sections 1952(a)(3) and (b)(1), and § 2.

## COUNT 6
### SEX TRAFFICKING OF A CHILD AND BY FORCE, FRAUD AND COERCION

From on or about November 25, 2008, through on or about December 3, 2008, in Anchorage, the District of Alaska, and elsewhere, the defendants, SABIL MUMIN MUJAHID, SIDNEY LAMAR GREENE, KEYANA "KOKO" MARSHALL, and RAND HOOKS, aiding and abetting one another, did knowingly, in and affecting interstate commerce,

    (1)    recruit, entice, harbor, transport, provide, and obtain Juvenile B, and

    (2)    benefit, financially and by receiving a thing of value, from participation in a

Case 3:09-cr-00053-TMB   Document 83   Filed 12/17/09   Page 25 of 58

venture that had recruited, enticed, harbored, transported, provided, and

obtained  Juvenile B,

knowing that,

(1)     force,  fraud, and coercion would be used to cause Juvenile B to engage in a

commercial sex act, and

(2)     that Juvenile B was under the age of 18 and would be caused to engage in a

commercial sex act,

and thereafter, force,  fraud and coercion were used to cause Juvenile B to engage in a

commercial sex act and Juvenile B did engage in a commercial sex act.

All in violation of Title 18, United States Code, sections 1591(a)(1), (a)(2), (b)(1),

(b)(2), and § 2.

## COUNT 7
## USING A FACILITY IN INTERSTATE COMMERCE
## TO PROMOTE PROSTITUTION OF A CHILD

From on or about November 25, 2008, through on or about December 3, 2008, in

Anchorage, within the District of Alaska and elsewhere, the defendants, SABIL MUMIN

MUJAHID, SIDNEY LAMAR GREENE, KEYANA "KOKO" MARSHALL, and

RAND HOOKS, aiding and abetting one another, used facilities of interstate commerce,

to wit: telephone and internet services, with the intent to commit a crime of violence to

further an unlawful activity, namely a business enterprise involving the prostitution of

Juvenile B in violation of the laws of the United States and the laws of the State of Alaska

26

that criminalize various acts of prostitution, and thereafter committed and attempted to commit a crime of violence, to wit: promoting prostitution of a child in violation of Alaska Statute 11.66.110(a)(2), to further such unlawful activity.

All in violation of Title 18, United States Code, sections 1952(a)(2) and (b)(1), and § 2.

COUNT 8
USING A FACILITY IN INTERSTATE COMMERCE
TO PROMOTE PROSTITUTION OF A CHILD

From on or about November 25, 2008, through on or about December 3, 2008, in Anchorage, the District of Alaska, and elsewhere, the defendants, SABIL MUMIN MUJAHID, SIDNEY LAMAR GREENE, KEYANA "KOKO" MARSHALL, and RAND HOOKS, aiding and abetting one another, used facilities of interstate commerce, to wit: telephone and internet services, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely a business enterprise involving the prostitution of Juvenile B in violation of the laws of the United States, specifically 18 U.S.C. 1591§§ (a)(1), (a)(2), (b)(1), (b)(2) and 1594(a), and the laws of the State of Alaska that criminalize various acts of prostitution, and thereafter performed and attempted to perform an act, to wit: maintained a residence wherein the illegal prostitution enterprise was conducted and maintained telephone service whereby customers could call in response to advertisements for commercial sex acts, to promote, manage, establish, carry on and facilitate the

promotion, management, establishment, and carrying on of such unlawful activity.

All in violation of Title 18, United States Code, sections 1952(a)(3) and (b)(1), and § 2.

COUNT 9

ATTEMPTED SEX TRAFFICKING OF A CHILD AND
BY FORCE, FRAUD AND COERCION

Between on or about June 3, 2008, and on or about June 4, 2008, in Anchorage, within the District of Alaska and elsewhere, the defendant, SIDNEY LAMAR GREENE, did knowingly, in and affecting interstate commerce,

(1)     attempt to recruit, entice, harbor, transport, provide, and obtain Juvenile C, and

(2)     attempt to benefit, financially and by receiving a thing of value, from participation in a venture that had attempted to recruit, entice, harbor, transport, provide, and obtain Juvenile C,

knowing that,

(1)     force,  fraud, and coercion would be used to attempt to cause Juvenile C to engage in a commercial sex act, and

(2)     that Juvenile C was under the age of 18 and would be caused to engage in a commercial sex act.

All in violation of Title 18, United States Code, sections 1591(a)(1), (a)(2), (b)(1), (b)(2) and 1594(a).

28

## COUNT 10
### USING A FACILITY IN INTERSTATE COMMERCE
### TO PROMOTE  PROSTITUTION OF A CHILD

Between on or about June 3, 2008, and on or about June 4, 2008, in Anchorage,

within the District of Alaska and elsewhere, the defendant, SIDNEY LAMAR GREENE,

used facilities of interstate commerce, to wit: telephone and internet services, with the

intent to commit a crime of violence to further an unlawful activity, namely a business

enterprise involving the prostitution of Juvenile C in violation of the laws of the United

States and the laws of the State of Alaska that criminalize various acts of prostitution, and

thereafter committed and attempted to commit a crime of violence, to wit: promoting

prostitution of a child in violation of Alaska Statute 11.66.110(a)(2), to further such

unlawful activity.

All in violation of Title 18, United States Code, sections 1952(a)(2) and (b)(1).

## COUNT 11
### USING A FACILITY IN INTERSTATE COMMERCE
### TO PROMOTE PROSTITUTION OF A CHILD

From on or about June 3, 2008, and on or about June 4, 2008, in Anchorage, the

District of Alaska, and elsewhere, the defendant, SIDNEY LAMAR GREENE, used

facilities of interstate commerce, to wit: telephone and internet services, with the intent to

promote, manage, establish, carry on, and facilitate the promotion, management,

establishment, and carrying on of an unlawful activity, namely a business enterprise

involving the prostitution of Juvenile C in violation of the laws of the United States,

29

specifically 18 U.S.C. 1591§§ (a)(1), (a)(2), (b)(1), (b)(2) and 1594(a), and the laws of the State of Alaska that criminalize various acts of prostitution, and thereafter performed and attempted to perform an act, to wit: maintained a residence wherein the illegal prostitution enterprise was conducted and maintained telephone service whereby customers could call in response to advertisements for commercial sex acts, to promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of such unlawful activity.

All in violation of Title 18, United States Code, sections 1952(a)(3) and (b)(1).

COUNT 12
SEX TRAFFICKING BY FORCE, FRAUD, AND COERCION

From on or about July 1, 2008, through on or about March 4, 2009, in Anchorage, the District of Alaska, and elsewhere, the defendants, SABIL MUMIN MUJAHID, SIDNEY LAMAR GREENE, KEYANA "KOKO" MARSHALL, and RAND HOOKS, aiding and abetting one another, did knowingly, in and affecting interstate commerce,

(1)     recruit, entice, harbor, transport, provide, and obtain Jane Doe 1, and

(2)     benefit, financially and by receiving a thing of value, from participation in a venture that had recruited, enticed, harbored, transported, provided, and obtained  Jane Doe 1,

knowing that force, fraud, and coercion would be used to cause Jane Doe 1 to engage in a commercial sex act;

and thereafter, force,  fraud and coercion were used to cause Jane Doe 1 to engage in a

30

commercial sex act and Jane Doe 1 did engage in a commercial sex act.

All in violation of Title 18, United States Code, sections 1591(a)(1), (a)(2), (b)(1) and 1594(a) and section (2).

<u>COUNT 13</u>
<u>USING A FACILITY IN INTERSTATE COMMERCE TO PROMOTE PROSTITUTION</u>

From on or about July 1, 2008 through on or about March 4, 2009, in Anchorage, within the District of Alaska and elsewhere, the defendants, SABIL MUMIN MUJAHID, SIDNEY LAMAR GREENE, KEYANA "KOKO" MARSHALL, and RAND HOOKS, aiding and abetting one another, used facilities of interstate commerce, to wit: telephone and internet services, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely a business enterprise involving the prostitution of Jane Doe 1 in violation of the laws of the United States, specifically 18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(1), and 1594(a), and the laws of the State of Alaska that criminalize various acts of prostitution, and thereafter performed and attempted to perform an act, to wit: maintained a residence wherein the illegal prostitution enterprise was conducted and maintained telephone service whereby customers could call in response to advertisements for commercial sex acts, to otherwise promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of such unlawful activity.

31

All in violation of Title 18, United States Code, sections 1952(a)(3) and (b)(1), and § 2.

COUNT 14

USING A FACILITY IN INTERSTATE COMMERCE TO PROMOTE PROSTITUTION

On or about February 28, 2009, in Anchorage, within the District of Alaska and elsewhere, the defendant, SABIL MUMIN MUJAHID, used facilities of interstate commerce, to wit: telephone and internet services, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely a business enterprise involving the prostitution of Jane Doe 2 in violation of the laws of the United States, specifically 18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(1), and 1594(a), and the laws of the State of Alaska that criminalize various acts of prostitution, and thereafter performed and attempted to perform an act, to wit: maintained a residence wherein the illegal prostitution enterprise was conducted and maintained telephone service whereby customers could call in response to advertisements for commercial sex acts, to otherwise promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of such unlawful activity.

All in violation of Title 18, United States Code, sections 1952(a)(3) and (b)(1).

COUNT 15

SEX TRAFFICKING BY FORCE, FRAUD, AND COERCION

From on or about June 13, 2008, through on or about November 11, 2008, in Anchorage, the District of Alaska, and elsewhere, the defendants, SABIL MUMIN

32

MUJAHID, SIDNEY LAMAR GREENE, KEYANA "KOKO" MARSHALL, and

RAND HOOKS, aiding and abetting one another, did knowingly, in and affecting

interstate commerce,

    (1)     recruit, entice, harbor, transport, provide, and obtain Jane Doe 3, and

    (2)     benefit, financially and by receiving a thing of value, from participation in a

               venture that had recruited, enticed, harbored, transported, provided, and

               obtained Jane Doe 3,

knowing that force, fraud, and coercion would be used to cause Jane Doe 3 to engage in a

commercial sex act;

and thereafter, force, fraud and coercion were used to cause Jane Doe 3 to engage in a

commercial sex act and Jane Doe 3 did engage in a commercial sex act.

    All in violation of Title 18, United States Code, sections 1591(a)(1), (a)(2), (b)(1),

and § 2.

COUNT 16
USING A FACILITY IN INTERSTATE COMMERCE TO PROMOTE
PROSTITUTION

    From on or about June 13, 2008, through on or about November 11, 2008, in

Anchorage, the District of Alaska, and elsewhere, the defendants, SABIL MUMIN

MUJAHID, SIDNEY LAMAR GREENE, KEYANA "KOKO" MARSHALL, and

RAND HOOKS, aiding and abetting one another, used facilities of interstate commerce,

to wit: telephone and internet services, with the intent to promote, manage, establish,

33

carry on and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely a business enterprise involving the prostitution of Jane Doe 3 in violation of the laws of the United States, specifically 18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(1), and 1594(a), and the laws of the State of Alaska that criminalize various acts of prostitution, and thereafter performed and attempted to perform an act, to wit: maintained a residence wherein the illegal prostitution enterprise was conducted and maintained telephone service whereby customers could call in response to advertisements for commercial sex acts, to otherwise promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of such unlawful activity.

All in violation of Title 18, United States Code, sections 1952(a)(3) and (b)(1), and § 2.

COUNT 17
ATTEMPTED SEX TRAFFICKING BY FORCE, FRAUD, AND COERCION

From on or about January 20, 2009, through on or about January 29, 2009, in Anchorage, the District of Alaska, and elsewhere, the defendants, SABIL MUMIN MUJAHID, SIDNEY LAMAR GREENE, KEYANA "KOKO" MARSHALL, and RAND HOOKS, aiding and abetting one another, did knowingly, in and affecting interstate commerce,

(1)     attempt to recruit, entice, harbor, transport, provide, and obtain Jane Doe 4, and

(2)     attempt to benefit, financially and by receiving a thing of value, from

34

participation in a venture that had attempted to recruit, entice, harbor,

transport, provide, and obtain Jane Doe 4,

knowing that force, fraud, and coercion would attempt to be used to cause Jane Doe 4 to

engage in a commercial sex act.

All in violation of Title 18, United States Code, sections 1591(a)(1), (a)(2), (b)(1),

and § 2.

COUNT 18
USE OF A FACILITY IN INTERSTATE COMMERCE
TO PROMOTE PROSTITUTION

From on or about January 20, 2009, through on or about January 29, 2009, in

Anchorage, within the District of Alaska and elsewhere, the defendants, SABIL MUMIN

MUJAHID, SIDNEY LAMAR GREENE, KEYANA "KOKO" MARSHALL, and

RAND HOOKS, aiding and abetting one another, used facilities of interstate commerce,

to wit: telephone and internet services, with the intent to promote, manage, establish,

carry on and facilitate the promotion, management, establishment, and carrying on of an

unlawful activity, namely a business enterprise involving the prostitution of Jane Doe 4 in

violation of the laws of the United States, specifically 18 U.S.C. §§ 1591(a)(1), (a)(2),

(b)(1), and 1594(a), and the laws of the State of Alaska that criminalize various acts of

prostitution, and thereafter performed and attempted to perform an act, to wit: maintained

a residence wherein the illegal prostitution enterprise was conducted and maintained

telephone service whereby customers could call in response to advertisements for

35

commercial sex acts, to otherwise promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of such unlawful activity.

All in violation of Title 18, United States Code, sections 1952(a)(3) and (b)(1), and § 2.

## COUNT 19
## SEX TRAFFICKING BY FORCE, FRAUD, AND COERCION

Between on or about August 27, 2008, and on or about October 1, 2008, in Anchorage, the District of Alaska, and elsewhere, the defendants, SABIL MUMIN MUJAHID, SIDNEY LAMAR GREENE, KEYANA "KOKO" MARSHALL, and RAND HOOKS, aiding and abetting one another, did knowingly, in and affecting interstate commerce,

(1) recruit, entice, harbor, transport, provide, and obtain Jane Doe 5, and

(2) benefit, financially and by receiving a thing of value, from participation in a venture that had recruited, enticed, harbored, transported, provided, and obtained Jane Doe 5,

knowing that force, fraud, and coercion would be used to cause Jane Doe 5 to engage in a commercial sex act;

and thereafter, force, fraud and coercion were used to cause Jane Doe 5 to engage in a commercial sex act and Jane Doe 5 did engage in a commercial sex act.

All in violation of Title 18, United States Code, sections 1591(a)(1), (a)(2), (b)(1), and § 2.

36

## COUNT 20
## USING A FACILITY IN INTERSTATE COMMERCE TO PROMOTE PROSTITUTION

Between on or about August 27, 2008, and on or about October 1, 2008, in Anchorage, the District of Alaska, and elsewhere, the defendants, SABIL MUMIN MUJAHID, SIDNEY LAMAR GREENE, KEYANA "KOKO" MARSHALL, and RAND HOOKS, aiding and abetting one another, used facilities of interstate commerce, to wit: telephone and internet services, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely a business enterprise involving the prostitution of Jane Doe 5 in violation of the laws of the United States, specifically 18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(1), and 1594(a), and the laws of the State of Alaska that criminalize various acts of prostitution, and thereafter performed and attempted to perform an act, to wit: maintained a residence wherein the illegal prostitution enterprise was conducted and maintained telephone service whereby customers could call in response to advertisements for commercial sex acts, to otherwise promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of such unlawful activity.

All in violation of Title 18, United States Code, sections 1952(a)(3) and (b)(1), and § 2.

## COUNT 21
## ATTEMPTED SEX TRAFFICKING BY FORCE, FRAUD, AND COERCION

From on or about October 12, 2008, through on or about October 13, 2008, in

37

Anchorage, within the District of Alaska and elsewhere, the defendant, SABIL MUMIN MUJAHID, did knowingly, in and affecting interstate commerce,

(1)     attempt to recruit, entice, harbor, transport, provide, and obtain Jane Doe 6, and

(2)     attempt to benefit, financially and by receiving a thing of value, from participation in a venture that had attempted to recruit, entice, harbor, transport, provide, and obtain Jane Doe 6,

knowing that force, fraud, and coercion would be used to cause Jane Doe 6 to engage in a commercial sex act.

All in violation of Title 18, United States Code, sections 1591(a)(1), (a)(2), (b)(1) and 1594(a).

<u>COUNT 22</u>
<u>SEX TRAFFICKING BY FORCE FRAUD AND COERCION</u>

From on or about July 1, 2008, through on or about July 9, 2008, in Anchorage, the District of Alaska, and elsewhere, the defendants, SABIL MUMIN MUJAHID, SIDNEY LAMAR GREENE, KEYANA "KOKO" MARSHALL, and RAND HOOKS, aiding and abetting one another, did knowingly, in and affecting interstate commerce,

(1)     recruit, entice, harbor, transport, provide, and obtain Jane Doe 7, and

(2)     benefit, financially and by receiving a thing of value, from participation in a venture that had recruited, enticed, harbored, transported, provided, and obtained Jane Doe 7,

38

knowing that force, fraud, and coercion would be used to cause Jane Doe 7 to engage in a commercial sex act;

and thereafter, force, fraud and coercion were used to cause Jane Doe 7 to engage in a commercial sex act and Jane Doe 7 did engage in a commercial sex act.

All in violation of Title 18, United States Code, sections 1591(a)(1), (a)(2), (b)(1) and § 2.

## COUNT 23
## USING A FACILITY IN INTERSTATE COMMERCE TO PROMOTE PROSTITUTION

From on or about July 1, 2008, through on or about July 9, 2008, in Anchorage, within the District of Alaska and elsewhere, the defendants, SABIL MUMIN MUJAHID, SIDNEY LAMAR GREENE, KEYANA "KOKO" MARSHALL, and RAND HOOKS, aiding and abetting one another, used facilities of interstate commerce, to wit: telephone and internet services, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely a business enterprise involving the prostitution of Jane Doe 7 in violation of the laws of the United States, specifically 18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(1), and 1594(a), and the laws of the State of Alaska that criminalize various acts of prostitution, and thereafter performed and attempted to perform an act, to wit: maintained a residence wherein the illegal prostitution enterprise was conducted and maintained telephone service whereby customers could call in response to advertisements for commercial sex

acts, to otherwise promote, manage, establish, carry on and facilitate the promotion,

management, establishment, and carrying on of such unlawful activity.

All in violation of Title 18, United States Code, sections 1952(a)(3) and (b)(1), and

§ 2.

## COUNT 24
## SEX TRAFFICKING BY FORCE, FRAUD, AND COERCION

From on or about October 16, 2008, through on or about October 18, 2008, in

Anchorage, the District of Alaska, and elsewhere, the defendants, SABIL MUMIN

MUJAHID, SIDNEY LAMAR GREENE, KEYANA "KOKO" MARSHALL, and

RAND HOOKS, aiding and abetting one another, did knowingly, in and affecting

interstate commerce,

    (1)    recruit, entice, harbor, transport, provide, and obtain Jane Doe 8, and

    (2)    benefit, financially and by receiving a thing of value, from participation in a

        venture that had recruited, enticed, harbored, transported, provided, and

        obtained Jane Doe 8,

knowing that force, fraud, and coercion would be used to cause Jane Doe 8 to engage in a

commercial sex act;

and thereafter, force,  fraud and coercion were used to cause Jane Doe 8 to engage in a

commercial sex act and Jane Doe 8 did engage in a commercial sex act.

All in violation of Title 18, United States Code, sections 1591(a)(1), (a)(2), (b)(1)

and § 2.

## COUNT 25
## USING A FACILITY IN INTERSTATE COMMERCE TO PROMOTE PROSTITUTION

From on or about October 16, 2008, through on or about October 18, 2008, in Anchorage, within the District of Alaska and elsewhere, the defendants, SABIL MUMIN MUJAHID, SIDNEY LAMAR GREENE, KEYANA "KOKO" MARSHALL, and RAND HOOKS, aiding and abetting one another, used facilities of interstate commerce, to wit: telephone and internet services, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely a business enterprise involving the prostitution of Jane Doe 8 in violation of the laws of the United States, specifically 18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(1), and 1594(a), and the laws of the State of Alaska that criminalize various acts of prostitution, and thereafter performed and attempted to perform an act, to wit: maintained a residence wherein the illegal prostitution enterprise was conducted and maintained telephone service whereby customers could call in response to advertisements for commercial sex acts, to otherwise promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of such unlawful activity.

All in violation of Title 18, United States Code, sections 1952(a)(3) and (b)(1), and § 2.

## COUNT 26
## SEX TRAFFICKING BY FORCE, FRAUD, AND COERCION

From on or about October 1, 2008, through on or about November 1, 2008, in

41

Anchorage, the District of Alaska, and elsewhere, the defendants, SABIL MUMIN MUJAHID, SIDNEY LAMAR GREENE, KEYANA "KOKO" MARSHALL, and RAND HOOKS, aiding and abetting one another, did knowingly, in and affecting interstate commerce,

(1)     recruit, entice, harbor, transport, provide, and obtain Jane Doe 9, and

(2)     benefit, financially and by receiving a thing of value, from participation in a venture that had recruited, enticed, harbored, transported, provided, and obtained Jane Doe 9,

knowing that force,  fraud, and coercion would be used to cause Jane Doe 9 to engage in a commercial sex act;

and thereafter, force, fraud and coercion were used to cause Jane Doe 9 to engage in a commercial sex act and Jane Doe 9 did engage in a commercial sex act.

All in violation of Title 18, United States Code, sections 1591(a)(1), (a)(2), (b)(1) and § 2.

## COUNT 27
## USING A FACILITY IN INTERSTATE COMMERCE TO PROMOTE PROSTITUTION

From on or about October 1, 2008, through on or about November 1, 2008, in Anchorage, the District of Alaska, and elsewhere, the defendants, SABIL MUMIN MUJAHID, SIDNEY LAMAR GREENE, KEYANA "KOKO" MARSHALL, and RAND HOOKS, aiding and abetting one another, used facilities of interstate commerce,

42

to wit: telephone and internet services, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely a business enterprise involving the prostitution of Jane Doe 9 in violation of the laws of the United States, specifically 18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(1), and 1594(a), and the laws of the State of Alaska that criminalize various acts of prostitution, and thereafter performed and attempted to perform an act, to wit: maintained a residence wherein the illegal prostitution enterprise was conducted and maintained telephone service whereby customers could call in response to advertisements for commercial sex acts, to otherwise promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of such unlawful activity.

All in violation of Title 18, United States Code, sections 1952(a)(3) and (b)(1), and § 2.

## COUNT 28
## SEX TRAFFICKING BY FORCE, FRAUD, AND COERCION

From on or about January 8, 2009, through on or about February 5, 2009, in Anchorage, the District of Alaska, and elsewhere, the defendants, SABIL MUMIN MUJAHID, SIDNEY LAMAR GREENE, KEYANA "KOKO" MARSHALL, and RAND HOOKS, aiding and abetting one another, did knowingly, in and affecting interstate commerce,

(1)     recruit, entice, harbor, transport, provide, and obtain Jane Doe 10, and

(2)     benefit, financially and by receiving a thing of value, from participation in a

43

venture that had recruited, enticed, harbored, transported, provided, and

obtained Jane Doe 10,

knowing that force, fraud, and coercion would be used to cause Jane Doe 10 to engage in

a commercial sex act;

and thereafter, force, fraud and coercion were used to cause Jane Doe 10 to engage in a

commercial sex act and Jane Doe 10 did engage in a commercial sex act.

All in violation of Title 18, United States Code, sections 1591(a)(1), (a)(2), (b)(1)

and § 2.

### COUNT 29
### USING A FACILITY IN INTERSTATE COMMERCE TO PROMOTE PROSTITUTION

From on or about January 8, 2009, through on or about February 5, 2009, in

Anchorage, within the District of Alaska and elsewhere, the defendants, SABIL MUMIN

MUJAHID, SIDNEY LAMAR GREENE, KEYANA "KOKO" MARSHALL, and

RAND HOOKS, aiding and abetting one another, used facilities of interstate commerce,

to wit: telephone and internet services, with the intent to promote, manage, establish,

carry on and facilitate the promotion, management, establishment, and carrying on of an

unlawful activity, namely a business enterprise involving the prostitution of Jane Doe 10

in violation of the laws of the United States, specifically 18 U.S.C. §§ 1591(a)(1), (a)(2),

(b)(1), and 1594(a), and the laws of the State of Alaska that criminalize various acts of

prostitution, and thereafter performed and attempted to perform an act, to wit: maintained

44

a residence wherein the illegal prostitution enterprise was conducted and maintained telephone service whereby customers could call in response to advertisements for commercial sex acts, to otherwise promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of such unlawful activity.

All in violation of Title 18, United States Code, sections 1952(a)(3) and (b)(1), and § 2.

COUNT 30
SEX TRAFFICKING BY FORCE, FRAUD, AND COERCION

From on or about January 30, 2009, through on or about February 1, 2009, in Anchorage, the District of Alaska, and elsewhere, the defendants, SABIL MUMIN MUJAHID, SIDNEY LAMAR GREENE, KEYANA "KOKO" MARSHALL, and RAND HOOKS, aiding and abetting one another, did knowingly, in and affecting interstate commerce,

(1)     recruit, entice, harbor, transport, provide, and obtain Jane Doe 11, and

(2)     benefit, financially and by receiving a thing of value, from participation in a venture that had recruited, enticed, harbored, transported, provided, and obtained Jane Doe 11,

knowing that force, fraud, and coercion would be used to cause Jane Doe 11 to engage in a commercial sex act;

and thereafter, force, fraud and coercion were used to cause Jane Doe 11 to engage in a commercial sex act and Jane Doe 11 did engage in a commercial sex act.

45

All in violation of Title 18, United States Code, sections 1591(a)(1), (a)(2), (b)(1) and § 2.

## COUNT 31
## USING A FACILITY IN INTERSTATE COMMERCE TO PROMOTE PROSTITUTION

From on or about January 30, 2009, through on or about February 1, 2009, in Anchorage, within the District of Alaska and elsewhere, the defendants, SABIL MUMIN MUJAHID, SIDNEY LAMAR GREENE, KEYANA "KOKO" MARSHALL, and RAND HOOKS, aiding and abetting one another, used facilities of interstate commerce, to wit: telephone and internet services, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely a business enterprise involving the prostitution of Jane Doe 11 in violation of the laws of the United States, specifically 18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(1), and 1594(a), and the laws of the State of Alaska that criminalize various acts of prostitution, and thereafter performed and attempted to perform an act, to wit: maintained a residence wherein the illegal prostitution enterprise was conducted and maintained telephone service whereby customers could call in response to advertisements for commercial sex acts, to otherwise promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of such unlawful activity.

All in violation of Title 18, United States Code, sections 1952(a)(3) and (b)(1), and § 2.

<u>COUNT 32</u>
<u>POSSESSION OF CHILD PORNOGRAPHY</u>

Between approximately August 21, 2008, and March 5, 2009, in Anchorage,

within the District of Alaska, the defendant, SABIL MUMIN MUJAHID, did knowingly

possess photographs which contained a visual depiction that was produced using

materials which had been mailed, shipped, and transported in interstate or foreign

commerce, by any means, the production of which involved the use of a minor engaging

in sexually explicit conduct, and which visual depiction was of such conduct.

All of which is in violation of Title 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).

<u>COUNT 33</u>
<u>POSSESSION OF CHILD PORNOGRAPHY</u>

Between approximately November of 1998, and March 26, 2009, in Anchorage,

within the District of Alaska, the defendant, SIDNEY LAMAR GREENE, did knowingly

possess photographs which contained a visual depiction that was produced using

materials which had been mailed, shipped, and transported in interstate or foreign

commerce, by any means, the production of which involved the use of a minor engaging

in sexually explicit conduct, and which visual depiction was of such conduct.

All of which is in violation of Title 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).

<u>COUNT 34</u>
<u>SEXUAL EXPLOITATION OF A CHILD – PRODUCTION</u>
<u>OF CHILD PORNOGRAPHY</u>

The allegations set forth in paragraph 9 are realleged as though fully set forth

47

herein.

Between on or about November 13, 1998, and on or about November 21, 1998, in Anchorage, within the District of Alaska and elsewhere, the defendant, SIDNEY LAMAR GREENE, did employ, use, persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped, and transported in or affecting interstate or foreign commerce, by any means.

All of which is in violation of Title 18 U.S.C. §§ 2251(a) and (e).

## COUNT 35
## TAMPERING WITH A VICTIM

Between on or about May 21, 2009, through on or about July 14, 2009, within the District of Alaska, the defendant, SIDNEY LAMAR GREENE, did knowingly attempt to corruptly persuade Jane Doe 17, by telephoning her and engaging in conversations with her, with the intent to influence and prevent the testimony of Jane Doe 12 in an official proceeding and with intent to cause and induce Jane Doe 12 to withhold testimony in an official proceeding, to wit: the trial of this case.

All of which is in violation of Title 18, U.S.C. § 1512(b)(1) and (b)(2)(A).

## COUNT 36
## CONSPIRACY TO DEFRAUD THE GOVERNMENT-
## FILING FALSE TAX RETURNS

The allegations set forth in paragraphs 1 through 49 are incorporated herein by this reference as though fully set forth.

48

64.     From on or about January 26, 2006, through on or about February 29, 2009, in Anchorage, within the District of Alaska and elsewhere, the defendants, SABIL MUMIN MUJAHID and SIDNEY LAMAR GREENE, and others both known and unknown to the grand jury, did unlawfully, willfully and knowingly conspire, confederate and agree, together and with each other, to defraud the United States by obtaining and attempting to obtain the payment of a false, fictitious, and fraudulent claim.

### Manners and Means of the Conspiracy

65.     MUJAHID and GREENE agreed to participate in, and participated in, a scheme to obtain or help others to obtain payment of false claims for refund from the Internal Revenue Service by aiding and causing others to file false income tax returns claiming refunds to which MUJAHID and GREENE knew the claimants were not entitled.  MUJAHID and GREENE solicited, instructed and assisted others in falsely claiming federal income tax refunds through the preparation and submission of false federal income tax returns.

66.     MUJAHID and GREENE both ran illegal prostitution enterprises, and conspired with each other to recruit women and underage girls to participate in their illegal prostitution enterprises, and to use force, fraud and coercion to compel women to participate in their illegal prostitution enterprises.

67.     In the course of running their illegal prostitution enterprises, and in and during the course of their conspiracy described in the preceding paragraph, MUJAHID

and GREENE asked and inquired of many of the women and children recruited and compelled by them to participate in their prostitution enterprises whether they had any minor children, and the names, dates of birth and social security numbers of the children. They also asked for the legal names, dates of birth and social security numbers of each of the women compelled by them to participate in their illegal prostitution enterprises.

68.     Having obtained the names, dates of birth and social security numbers of both adults and children through the manners and means described above, as well as other means, MUJAHID and GREENE would prepare or cause to be prepared false Form 1040 Individual Income Tax Returns for selected individuals.

69.     The tax returns referred to in the preceding paragraph would include a false Schedule C, Income From Business or Profession, claiming that the taxpayer had earned income from a non-existent housekeeping or janitorial service in an amount sufficient to entitle the taxpayer to an Earned Income Credit.  The tax returns referred to in the preceding paragraph also falsely claimed entitlement to the Earned Income Credit based upon minor dependents.

70.     MUJAHID and GREENE received and kept substantially all of the refunds from the false and fictitious refunds.

## Overt Acts

71.     In furtherance of the conspiracy, and in order to effect its objects, the co-conspirators committed, among others, the following overt acts in the District of

Alaska and elsewhere:

72.     The overt acts alleged in paragraph 49 are re-alleged herein as though fully set forth.

1.     On a recorded telephone conversation dated October 17, 2008, MUJAHID asked GREENE about his "tax scam" and wanted to ensure their access and passwords to their tax return preparation software were current.  MUJAHID bragged about having tax accounts on Jane Doe 8 and Jane Doe 9, in addition to starting one on Jane Doe 13.

2.     On a recorded telephone conversation dated October 20, 2008, MUJAHID told GREENE that he "*needs to start prepping that bitch* [Jane Doe 12] *to get her social security number for that baby*."  GREENE responded, "*Yeah, I already did that.  You know I was on that*."  MUJAHID said, "*She gotta write that out, they take like six weeks*."  GREENE said, "*Matter of fact, I think I was there on day one on that one*."  GREENE talked about already having Jane Doe 12's other two children's social security numbers.

3.     On a recorded telephone conversation dated October 20, 2008, MUJAHID told GREENE not to do anything on the tax scam with [A.K.W. and P.W.] because [P.W.] threatened to go to the IRS.  MUJAHID told GREENE that he had to calm her down.

4.     On a recorded telephone conversation dated November 21, 2008,

51

MUJAHID and GREENE had a discussion about "White Mary" in the valley because MUJAHID wants to do "*the tax on her.*"  MUJAHID stated that "White Mary" should have the social security number on her baby by now.

5.      On a recorded telephone conversation dated December 13, 2008, MUJAHID and GREENE discussed their tax enterprise and filing the tax returns. MUJAHID told GREENE that all he has to do is go through January, February, March, and April.  GREENE responded that they should be able to do that with the season. MUJAHID told GREENE, "*Yeah, with the tiznax* [tax] *turnaround ... could put that one down with the tiznax turnaround, like I said ...*"

6.      On a recorded telephone conversation dated March 12, 2009, MUJAHID and GREENE discussed their tax business and how it was proceeding.

7.      On a recorded telephone conversation dated November 5, 2008, MUJAHID discussed with M.B. and R.M. that he was scamming the Child Tax Credit and making a quick $7,000.

8.      On a recorded telephone conversation dated November 18, 2008, MUJAHID stated to MARSHALL he not only had the prostitution game, but he also had the tax game.  MUJAHID told "*Koko*" to go to taxbrain.com on the computer. MUJAHID provided "*Koko*" the username "Seldomseen" and the password for the account.  MUJAHID told "*Koko*" that there was a list of names with 20 individuals. MUJAHID stated that it was about $3,000 a person.  MUJAHID told "*Koko*" to take one

52

name, [A.K.W.] and click on it, then push calculate once the tax return appeared on the computer screen.  MUJAHID told "*Koko*" that this was the money he made last year.  MUJAHID told "*Koko*" that "we" had to give them some of the money for providing the names and social security numbers, but "we" provided the kids.  MUJAHID stated he found the kids and people that did not work and he got the money in 10 days.  MUJAHID stated there was more to life than "Ho-in'."  Two kids per person and 40 kids were used.  MUJAHID stated they could use those kids until next tax year.  "Next month we do it again.  This will pay for a trailer."

9.     MUJAHID and GREENE used TaxBrain, a tax preparation program, to prepare tax returns for P.A., D.A., M.A., J.B., G.L.B., D.E.D., M.A.D., T.F., S.S.G., L.H., Jane Doe 4, T.K., V.L., H.L., M.L.L., T.M., KEYANA L. MARSHALL, G. McG., S.McK., J.A.M., S.M., K.L.N., L.P., M.T.P., T.P., P.M.R., C.N.S., R.D.S., D.T., Jane Doe 11, M.E.T., A.K.W., P.W., A.J.W., and S.W.

10.     MUJAHID and GREENE prepared or caused to be prepared the following false and fictitious Form 1040 U.S. Individual Tax Returns:

| Date of Return | Taxpayer | Tax Year | Refund Claimed |
|---|---|---|---|
| January 30, 2009 | Jane Doe 13 | 2008 | $4,418.00 |
| January 18, 2008 | Jane Doe 14 | 2007 | $2,929.00 |
| January 18, 2009 | Jane Doe 14 | 2008 | $3,518.00 |
| February 18, 2008 | Jane Doe 15 | 2007 | $2,929.00 |
| February 4, 2009 | Jane Doe 16 | 2008 | $3,518.00 |

Case 3:09-cr-00053-TMB   Document 83   Filed 12/17/09   Page 53 of 58

11.     MUJAHID and GREENE or persons acting at the direction of MUJAHID and GREENE, caused the identity of Jane Doe 17 to be claimed as a dependent on Jane Doe 15's 2007 U.S. Form 1040 U.S. Individual Tax Return when Jane Doe 17 was not, in fact, a dependent of Jane Doe 15.

COUNT 37
IDENTITY THEFT

On or about January 30, 2009, in the District of Alaska, the defendants, SABIL MUMIN MUJAHID and SIDNEY LAMAR GREENE, did knowingly possess and use in or affecting interstate or foreign commerce, without lawful authority, a means of identification of another person, Jane Doe 13, to wit, the name, social security number, and date of birth of certain persons without the permission of that person, with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, to wit, Conspiracy to Defraud the Government in violation of 18 U.S.C. § 286, and  as a result of the offense, the defendant or any other individual committing the offense, obtained anything of value aggregating $1,000 or more during any 1-year period.

All in violation of Title 18, United States Code, Sections 1028(a)(7), and (b)(1)(D).

54

## COUNT 38
## IDENTITY THEFT

On or about January 18, 2008, in the District of Alaska, the defendants, SABIL MUMIN MUJAHID and SIDNEY LAMAR GREENE, did knowingly possess and use in or affecting interstate or foreign commerce, without lawful authority, a means of identification of another person, Jane Doe 14, to wit, the name, social security number, and date of birth of certain persons without the permission of that person, with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, to wit, Conspiracy to Defraud the Government in violation of 18 U.S.C. § 286, and as a result of the offense, the defendant or any other individual committing the offense, obtained anything of value aggregating $1,000 or more during any 1-year period.

All in violation of Title 18, United States Code, Sections 1028(a)(7), and (b)(1)(D).

## COUNT 39
## IDENTITY THEFT

On or about January 18, 2009, in the District of Alaska, the defendants, SABIL MUMIN MUJAHID and SIDNEY LAMAR GREENE, did knowingly possess and use in or affecting interstate or foreign commerce, without lawful authority, a means of identification of another person, Jane Doe 14, to wit, the name, social security number, and date of birth of certain persons without the permission of that person, with the intent

to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, to wit, Conspiracy to Defraud the Government in violation of 18 U.S.C. § 286, and  as a result of the offense, the defendant or any other individual committing the offense, obtained anything of value aggregating $1,000 or more during any 1-year period.

All in violation of Title 18, United States Code, Sections 1028(a)(7), and (b)(1)(D).

<u>COUNT 40</u>
<u>IDENTITY THEFT</u>

On or about February 18, 2008, in the District of Alaska, the defendants, SABIL MUMIN MUJAHID and SIDNEY LAMAR GREENE, did knowingly possess and use in or affecting interstate or foreign commerce, without lawful authority, a means of identification of another person, Jane Doe 15, to wit, the name, social security number, and date of birth of certain persons without the permission of that person, with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, to wit, Conspiracy to Defraud the Government in violation of 18 U.S.C. § 286, and  as a result of the offense, the defendant or any other individual committing the offense, obtained anything of value aggregating $1,000 or more during any 1-year period.

All in violation of Title 18, United States Code, Sections 1028(a)(7), and (b)(1)(D).

## COUNT 41
## IDENTITY THEFT

On or about February 4, 2009, in the District of Alaska, the defendants, SABIL MUMIN MUJAHID and SIDNEY LAMAR GREENE, did knowingly possess and use in or affecting interstate or foreign commerce, without lawful authority, a means of identification of another person, Jane Doe 16, to wit, the name, social security number, and date of birth of certain persons without the permission of that person, with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, to wit, Conspiracy to Defraud the Government in violation of 18 U.S.C. § 286, and as a result of the offense, the defendant or any other individual committing the offense, obtained anything of value aggregating $1,000 or more during any 1-year period.

//

//

//

//

//

Case 3:09-cr-00053-TMB   Document 83   Filed 12/17/09   Page 57 of 58

All in violation of Title 18, United States Code, Sections 1028(a)(7), and

(b)(1)(D).

A TRUE BILL.

s/ Grand Jury Foreperson
GRAND JURY FOREPERSON

s/ Daniel R. Cooper, Jr.
DANIEL R. COOPER, JR.
Assistant U. S. Attorney
222 W. 7th Avenue, #9, Rm. C-253
Anchorage, AK  99513-7567
Phone: (907) 271-5071
Fax: 907-271-1500
E-mail: Daniel.Cooper@usdoj.gov

s/ Chantel L. Febus
CHANTEL L. FEBUS
Trial Attorney
Department of Justice
Child Exploitation and Obscenity Section
1400 New York Avenue, N.W.
Washington, D.C.  20530
Phone: (202) 514-6715
Fax: (202) 514-1793
Email: Chantel.Febus@usdoj.gov

s/ Kevin Feldis   for
KAREN L. LOEFFLER
United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska  99513
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: Karen.Loeffler@usdoj.gov

DATED:        12-17-09

58